# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LYNK LABS, INC., <br><br> Defendant. | Case No. 1:21-cv-02665 <br><br> Honorable Rebecca R. Pallmeyer |

**SAMSUNG'S ADDITIONAL PROPOSED FINDINGS OF FACT
IN OPPOSITION TO LYNK'S MOTION FOR
PARTIAL SUMMARY JUDGMENT OF LITERAL INFRINGEMENT**

Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") submit the following Additional Proposed Findings of Fact in support of Samsung's Opposition to the Motion for Partial Summary Judgment of Literal Infringement filed by Defendant Lynk Labs, Inc. ("Lynk"):

1. .

2. Paragraph 16 of the Surati Declaration (Dkt. No. 144-1) cites to a YouTube video posted at the website https://www.youtube.com/watch?v=MYSQub76fH8, which is associated with the user name of "JerryRigEverything" and is posted on January 28, 2021. *See* Ex. A., Declaration of Dr. Miltiadis Hatalis In Support of Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment of Literal Infringement ("Hatalis Decl.") at ¶ 19.

3. In the YouTube video posted at the website https://www.youtube.com/watch?v=MYSQub76fH8, at approximately 2:20 to 2:44, the narrator states:

> This phone is one of the international S21 Ultra variants, which means that the millimeter wave antennas are missing from the sides, even though it does still say 5G on the box. It's another one of Samsung's weird advertising quirks, alongside their Exynos and Qualcomm performance differences. And by quirks, I mean it's a stretch to even consider the international and domestic variants to be the same product.

*See* Hatalis Decl. at ¶ 20.

4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

5. Paragraph 16 of the Surati Declaration (Dkt. No. 144-1) cites to a YouTube video posted at the website https://www.youtube.com/watch?v=8BVJEMkGmIc, which is associated with the user name of "Lampofilm." *See* Hatalis Decl. at ¶ 27.

6. The YouTube video posted at the website https://www.youtube.com/watch?v=8BVJEMkGmIc does not identify the specific device shown in the video or the identity of the person operating the device. *See* Hatalis Decl. at ¶ 27.

7. The term "package," as used in U.S. Patent No. 11,019,697 (the "'697 Patent"), does not have its non-technical meaning as an object or group of objects packed in a container, but instead has a particular technical meaning specific to the field of electronics. *See* Hatalis Decl. at ¶ 11; *see also id*. at ¶¶ 10, 12–13.

8. The '697 Patent, at 5:46–54, states: "It should be noted that 'package' or 'packaged' is defined herein as an integrated unit meant to be used as a discrete component in either of the manufacture, assembly, installation, or modification of an LED lighting device or system. Such a package includes LED's of desired characteristics with capacitors and or resistors (when used) sized relative to the specifications of the chosen LED's to which they will be connected in series and with respect to a predetermined AC voltage and frequency." Dkt. No. 142-3 ('697 Patent) at 5:46–54.

9. The '697 Patent's specification states:

- "The bridge diode and LED circuit may be packaged separate or together, and may be configured within a single chip or two chips, a single package or two packages, an assembly, or a module." Dkt. No. 142-3 (Ex. 2, '697 Patent) at 5:26–29.

- "The LED circuit inverter driver providing higher frequencies is preferable for LED circuits that are integrated into small form LED packages that include integrated capacitors or resistor

2

capacitor 'RC' networks." *Id.* at 7:15–18.

- "LED package 320 may include rectifier 302 to drive LEDs 306." *Id.* at 16:47–48.

- "As should be appreciated by those having ordinary skill in the art, it is contemplated by the invention that any diode or LED may be swapped for the other within the package so long as the package includes at least one LED to emit light when in operation." *Id.* at 16:49–54.

    10.    The '697 Patent's specification states:

- "LED circuits that are integrated into small form LED packages that include integrated capacitors or resistor capacitor 'RC' networks." Dkt. 144-3 ('697 Patent) at 7:15–18.

- "A diode may be used in place of one or more LEDs 66 and one or more of LEDs 68 and the LEDs 66 and 68 are integrated into a package 80 as described in the package 30 disclosed in FIG. 2 along with capacitor 70." *Id*. at 15:6–9.

- "The device 26 includes the device 10 as disclosed in FIG. 1 mounted on an insulating substrate 28 such as, but not necessarily, ceramic or sapphire, and integrated into an LED package 30 that may be various LED package sizes; materials and designs based of product specifications or on printed circuit board material." *Id*. at 14:15–20.

- "The device 58 includes the device 40 as disclosed in FIG. 4 integrated into a package as disclosed in the device 26 in FIG. 2." *Id*. at 14:59–61.

- "A diode may be used in place of one or more LEDs 84 and one or more of LEDs 86 and the LEDs 84 and 86 are integrated into a package 100 as described in the package 30 disclosed in FIG. 2 along with capacitor 88 and resistor 94." *Id.* at 15:20–24.

- "The device 130 has a matrix of individual light emitting devices 10 as described in FIG. 1 integrated into a package 132 similar to package 30 as described in FIG. 2." *Id.* at 15:50–53.

- "The device 134 has a matrix of individual light emitting devices 40 as described in FIG. 4

3

integrated into a package 136 similar to package 30 as described in FIG. 2." *Id.* at 15:55–58.

- "FIG. 25 discloses another schematic view diagram of a light emitting device 188 identical to the device 130 disclosed in FIG. 11 and integrated into a package 30 as described in FIG. 2 for an AC drive Method according to an embodiment of the invention. The device 188 includes the device 130 as disclosed in FIG. 11 mounted on an insulating substrate 28 such as but not necessarily ceramic or sapphire and integrated into an LED package 30 that may be various LED package sizes; materials and designs based of product specifications or on printed circuit board material." *Id.* at 18:24–33.

- "FIG. 26 discloses another schematic view diagram of a light emitting device 198 similar to the device 188 described in FIG. 25 with a different light emitting device 200 identical to the device 136 disclosed in FIG. 12 and integrated into a package 30 as described in FIG. 2 for an AC drive Method according to an embodiment of the invention. The device 198 includes a reflective device integrated into the package 30 for optimized light dispersion." *Id.* at 18:50–57.

11. 

12. The casing of the Samsung Galaxy S21 Ultra is not an integrated unit meant to be used as a discrete component in either of the manufacture, assembly, installation, or modification

4

5

of an LED lighting device or system.  *See* Hatalis Decl. at ¶¶ 14–15.

13. The Samsung Galaxy S21 Ultra smartphone is not an integrated unit meant to be used as a discrete component in either of the manufacture, assembly, installation, or modification of an LED lighting device or system.  *See* Hatalis Decl. at ¶¶ 15–16.

14. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

15. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

16. ████████████████████████████████████████████████████████████████████████████████████████████████.

17. ████████████████████████████████████████████████████████████████████████████████████ ████

████████████████████████████

████

████████████████████████████████████

████

████████████████████████

████



.

18. The "double touch functionality" described in ¶ 22 of Dr. Surati's Declaration does not turn on the phone's screen when a user touches the screen. *See* Hatalis Decl. at ¶¶ 28–29, 31.

19. Samsung Galaxy S21 Ultra's screen does not turn on after two successive touches when the user's finger remains on the screen. *See* Hatalis Decl. at ¶ 28.

20. To use the "double touch functionality" described in ¶ 22 of Dr. Surati's Declaration, the user's finger must touch and leave the screen, and then touch and leave the screen again, all within a predetermined time, for the screen to turn on. *See* Hatalis Decl. at ¶¶ 28–29.

21. The "double touch functionality" described in ¶ 22 of Dr. Surati's Declaration works only after the second time the finger leaves the screen—assuming user's finger touched and left the screen, and then touched and left the screen again, all within a predetermined time—before the display turns on. *See* Hatalis Decl. at ¶ 29.

22. The YouTube video at the website https://www.youtube.com/watch?v=8BVJEMkGmIc shows that the device's screen turning on only after the user's finger leaves the screen following a series of actions; it does not show the screen turning on when the user touches the screen. *See* Hatalis Decl. at ¶¶ 27, 29.

23. In the Patent Owner's Response for IPR2021-01299 filed on June 27, 2022, Patent Owner Lynk states:

6

> However, Petitioner's multiple modifications fail to teach a power supply that increases power to LEDs **_when_** the sensing circuit detects a touch. Each of Petitioner's arguments will be addressed in turn below. Ex. 2001 [Credelle Dec.], ¶ 121.
>
> Petitioner first argues that the slider thumb control 424 of Gillespie allows for controlling the brightness of the touch screen 106. Pet., 23. It is not clear from the Petition how the slider thumb control 424 fits into Petitioner's arguments on limitation 1(e). A POSITA would understand that the slider-thumb control 424 must be first selected by a touch and then the finger must move the "thumb" of slider-thumb 424 to the left or right before there is any change in screen brightness. Ex. 1071 [Gillespie], ¶ [0057]. Dr. Baker agrees. Ex. 2005 [Dep. Tr. Dr. Baker - 01300, 5/31/2022], 170:11-15; Ex. 2004 [Dep. Tr. Dr. Baker -01299, 6/3/2022], 97:24-98:4. Ex. 2001 [Credelle Dec.], ¶ 122.
>
> To increase brightness of Petitioner's "OLED touch display," a POSITA would understand that a user would have to (1) activate slider thumb control 424 so that it is functional, (2) touch the slider thumb control 424 to select it, and (3) move the slider back and forth to adjust brightness. See Gillespie, ¶ [0051-0052], [0055-0056], Figs. 4-5. Thus, slider thumb control 424 fails to disclose or suggest a power supply that increases power to the LED circuit **_when_** the sensing circuit detects a touch. Ex. 2001 [Credelle Dec.], ¶ 123.

Yang Decl., Ex. 7 ('674 IPR Patent Owner's Response) at 41–42 (emphases original).

24. In Patent Owner's Sur-Reply for IPR2021-01299 filed on November 3, 2022, Patent Owner Lynk states:

7

> Next, the Reply argues that the claim has no "temporal requirement." Reply, 16. The plain language of the claim imposes a temporal requirement, i.e., the power to the LED circuit is increased "when" the capacitive sensing circuit detects a touch. The Reply does not dispute the PO's point that the slider-control feature requires multiple touches and sliding of the finger to change touchscreen display brightness. POR, 41-42 (citing Gillespie, ¶ [0051-0052], [0055-0056], Figs. 4-5; Ex. 2005 [Dep. Tr. Baker], 170:11-15; Ex. 2004 [Dep. Tr. Baker], 97:24-98:4); Ex. 2001 [Credelle Dec.], ¶¶ 122-123. The Petitioner's expert's reply declaration does not contest any of PO's expert's explanation on how the slider-control feature operates. See Ex. 1106 [Baker Reply Dec.], ¶ 12; Ex. 2001 [Credelle Dec.], ¶¶ 122-123.

Yang Decl., Ex. 8 ('674 IPR Patent Owner's Sur-Reply) at 23–24.

25. In Patent Owner's Sur-Reply for IPR2021-01300 filed on November 9, 2022, Patent Owner Lynk made the following argument regarding the limitation "a power supply configured to increase power supplied to the at least one LED when the circuit detects a touch":

> The Reply asserts that Gillespie discloses "features for turning on or adjusting brightness in response to user touch." Reply, 18 (citing Pet., 26-30). The Petition only mentions two. The Petition mentions Gillespie's slider control feature. Pet., 26, 39. To increase screen brightness, the slider control requires: activation with one touch, launching with another touch, and then sliding the "thumb" to the right. In other words, the slider control feature requires multiple touches and a sliding physical movement to increase screen brightness, not just a touch. See POR 38 (citing Ex. 1071 [Gillespie], ¶ [0057]; Ex. 2001 [Credelle Dec.], ¶ 152; Ex. 2005 [Dep. Tr. Dr. Baker], 170:11-15; Ex. 2004 [Dep. Tr. Dr. Baker], 97:24-98:4.). It

8

> does not meet the claim requirement of a power supply that increases power **when** the circuit detects **a touch**.
>
> . . .
>
> The Reply alleges that Claim 5 does not require increasing power **when** the circuit detects **a touch** (Reply, 18-20), i.e., that there is no temporal requirement. The plain language of the claim imposes a temporal requirement, i.e., the power to the LED circuit is increased "when" the capacitive sensing circuit detects "a touch." 697 Patent, Claim 5.

Yang Decl., Ex. 9 ('697 IPR Patent Owner's Sur-Reply) at 13–14 (emphases original).

26. On December 15, 2021, Lynk subpoenaed Broadcom Inc. *See* Yang Decl., Ex. 10.

27. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

28. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

29. Lynk cites an image from third-party website iFixit.com for the "laser" limitation of the '697 Patent. *See* Dkt. No. 144-1 (Surati Decl.) at ¶ 10; Dkt. No. 142-7 (Lynk's Ex. 6).

30. Lynk originally proposed a construction for the "package" term of the '697 Patent

9

as:

> "an integrated unit meant to be used as a discrete component in either of the manufacture, assembly, installation, or modification of an LED lighting device or system"
>
> Further, as provided by the '697 Patent at 5:55–6:13, a "discrete component" may be an end product

Dkt. No. 136-7 (Ex. 28 to Claim Construction Reply) at 2.

Dated: November 28, 2022   Respectfully submitted,

/s/ Marc J. Pensabene
Ryan K. Yagura (Cal. Bar No. 197619)
ryagura@omm.com
Nicholas J. Whilt (Cal. Bar No. 247738)
nwhilt@omm.com
Xin-Yi Zhou (Cal. Bar No. 251969)
vzhou@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Marc J. Pensabene (N.Y. Bar No. 2656361)
mpensabene@omm.com
Laura Bayne Gore (N.Y. Bar No. 5172879)
lbayne@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower, 7 Times Square
New York, NY 10036
Telephone: 213-326-2000
Facsimile: 213-326-2061

Dennis J. Abdelnour (IL Bar No. 6292242)
Ron N. Sklar (IL Bar No. 6304022)
**HONIGMAN LLP**
155 North Wacker Drive, Suite 3100
Chicago, IL 60606

        Telephone: 312-701-9300
        Facsimile: 312-701-9335
        Email: dabdelnour@honigman.com
        Email: rsklar@honigman.com

        ***Attorneys for Plaintiffs Samsung Electronics Co.,***
        ***Ltd. and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above SAMSUNG'S ADDITIONAL PROPOSED FINDINGS OF FACT IN OPPOSITION TO LYNK'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF LITERAL INFRINGEMENT was filed on November 28, 2022 with the Northern District of Illinois ECF System, serving a copy on all parties.

                                            */s/ Marc J. Pensabene*