IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LYNK LABS, INC., <br><br> Defendant. | Case No. 1:21-cv-02665 <br><br> Honorable Rebecca R. Pallmeyer |

**SAMSUNG'S RESPONSES TO LYNK'S PROPOSED FINDINGS OF FACT IN SUPPORT OF LYNK'S PARTIAL MOTION FOR SUMMARY JUDGMENT OF LITERAL INFRINGEMENT**

Samsung responds to Lynk's Proposed Findings of Fact ("PFF") as follows:

1. Lynk owns by assignment the '697 Patent, which issued on May 25, 2021. Surati Decl. [Ex. A], Ex. 1 ('697 Patent) at 1.

**SAMSUNG'S RESPONSE TO ¶ 1**: Admitted-in-part, denied-in-part. Samsung admits that the '697 Patent appears to have issued on May 25, 2021. Dkt. No. 142-3 (Ex. 2). Samsung denies ¶ 1 with respect to the cited evidence. Dkt. No. 142-2 (Ex. 1) appears to be Dr. Surati's CV, not the '697 Patent or any other evidence relating to Lynk's alleged ownership of the '697 Patent. *See* Dkt. No. 142-2 (Ex. 1). Samsung further lacks sufficient knowledge to admit or deny, and therefore deny, Lynk's ownership of the '697 Patent.

2. Claim 1 of the '697 Patent reads:

    An apparatus comprising:

    at least one LED;

    a semiconductor device configured to emit a laser;

    a data receiver including an antenna, wherein the data receiver is configured to transmit and receive data;

    a circuit configured to detect human touch via capacitive sensing; and

    a battery ground capacitively coupled to at least one of the data receiver, the circuit, the at least one LED, or the semiconductor device via a conductor,

    wherein the apparatus is portable, and

    wherein the at least one LED, the semiconductor device, the data receiver, the circuit, and the battery ground are contained within a package and connected to at least one circuit board within the package.

Surati Decl. [Ex. A], ¶ 5; Ex. 1 ('697 Patent), col. 28, lines 14-28.

**SAMSUNG'S RESPONSE TO ¶ 2**: Admitted-in-part, denied-in-part. Samsung admits that ¶ 2 recites the claim language. Samsung denies ¶ 2 with respect to the cited evidence. Dkt.

No. 142-2 (Ex. 1) appears to be Dr. Surati's CV, not the '697 Patent. *See* Dkt. No. 142-2 (Ex. 1).

3. Lynk has accused the Samsung Galaxy Ultra S21, and "any products substantially and/or reasonably similar" thereto, of infringing claim 1 of the '697 Patent. ECF Docket No. 51, ¶¶ 121-135.

**SAMSUNG'S RESPONSE TO ¶ 3**: Admitted.

4. The Accused Telephone Instrumentalities are apparatuses:



Surati Decl. [Ex. A], ¶ 6.

**SAMSUNG'S RESPONSE TO ¶ 4**: Admitted-in-part, denied-in-part.

3

5. The Accused Telephone Instrumentalities include an active-matrix organic light-emitting diode (AMOLED) display ▇▇▇▇▇▇▇▇▇▇ which includes at least one LED, such as a 6.8" QHD+, Dynamic AMOLED 2X. Surati Decl. [Ex. A], ¶ 7.

    **SAMSUNG'S RESPONSE TO ¶ 5**: Admitted-in-part, denied-in-part. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

6. An AMOLED contains organic LEDs. Surati Decl. [Ex. A], ¶ 8.

    **SAMSUNG'S RESPONSE TO ¶ 6**: Admitted-in-part, denied-in-part. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

7. The Accused Telephone Instrumentalities have cameras that use laser autofocus as a range finder.

4



Surati Decl. [Ex. A], ¶ 9.

**SAMSUNG'S RESPONSE TO ¶ 7**:  Samsung objects to ¶ 7 on the basis that it lacks evidentiary support. █████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ .

8. Given the form factor thereof, the laser autofocus comprises a diode (semiconductor):

5



Surati Decl. [Ex. A], ¶ 10.

**SAMSUNG'S RESPONSE TO ¶ 8**: Denied. The "form factor" in the image above does not establish that "laser autofocus comprises a diode (semiconductor)." *See* Dkt. No. 142-7 (Ex. 6). Samsung further denies ¶ 8 on the basis that it lacks evidentiary support and cites inadmissible evidence, as the cited image comes from an unauthenticated third-party website. *See* Dkt. No. 142-7 (Ex. 6).

9. The Accused Telephone Instrumentalities contain a BT/WiFi module, including a Broadcom BCM4389 BT/WiFi chip:



Surati Decl. [Ex. A], ¶ 11.

**SAMSUNG'S RESPONSE TO ¶ 9**: Admitted-in-part, denied-in-part.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████ .

10.     The BCM4389 enables Bluetooth/WiFi data communication. Surati Decl. [Ex. A], ¶ 12.

**SAMSUNG'S RESPONSE TO ¶ 10**:  Samsung objects to ¶ 10 to the extent that the only citation in Dkt. No. 144-1 (Surati Decl.) at ¶ 12 is a link to an unauthenticated and inadmissible third-party (Broadcom Inc.) document from a third-party website.  To the extent a response is needed, Samsung admits-in-part and denies-in-part. ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████ .

11.     The BT/WiFi module in the Accused Telephone Instrumentalities is connected to an antenna:



Surati Decl. [Ex. A], ¶ 13.

**SAMSUNG'S RESPONSE TO ¶ 11**: Samsung objects to ¶ 11 to the extent that "Accused Telephone Instrumentalities" includes phones other than Samsung Galaxy S21 Ultra, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

12. The Accused Telephone Instrumentalities have a capacitive touch sensor:

8

Case: 1:21-cv-02665 Document #: 156 Filed: 11/28/22 Page 9 of 20 PageID #:18680



Surati Decl. [Ex. A], ¶ 14.

**SAMSUNG'S RESPONSE TO ¶ 12**: Denied.



13. The capacitive touch sensor detects the touch of a human finger. Surati Decl. [Ex. A], ¶ 15, *citing* Heo Dep. at 50:15-19.

**SAMSUNG'S RESPONSE TO ¶ 13**: Denied.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████.

14. The Accused Telephone Instrumentalities include a model EB-BG998ABY 5000 mAh, 4.45v capacity, or substantially similar, battery:



Surati Decl. [Ex. A], ¶ 16.

**SAMSUNG'S RESPONSE TO ¶ 14**: Samsung objects to ¶ 14 on the basis that it lacks evidentiary support and/or relies on inadmissible evidence. The image above is excerpted from an unauthenticated YouTube video that shows an international variant of the S21 Ultra. *See* Dkt. No. 144-1 (Surati Decl.) at ¶ 16 (relying solely on https://www.youtube.com/watch?v=MYSQub76fH8, which states around 2:20 that the phone being examined is "one of the international S21 Ultra variants"). To the extent a response is

10

needed, Samsung admits-in-part and denies-in-part. 

15.     The BT/WiFi module of the Accused Telephone Instrumentalities is coupled through a conductor (outlined in blue) and through a capacitor (outlined in green) to ground (outlined in red):



Surati Decl. [Ex. A], ¶ 17.

**SAMSUNG'S RESPONSE TO ¶ 15**: Admitted-in-part, denied-in-part.



███████████████████████████████████████
███████████████████████████████████ .

16. The Accused Telephone Instrumentalities are mobile devices:



Surati Decl. [Ex. A], ¶ 18.

**SAMSUNG'S RESPONSE TO ¶ 16**: Admitted-in-part, denied-in-part. ████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████ .

17. The laser semiconductor device of the camera module (shown above in paragraph 8), the BT/WiFi module, the touch sensor circuit, and the battery ground are all connected to a printed

13

circuit board, and contained within the casing (outlined in red), which is an integrated unit used as a discrete component in the assembly of the LED lighting system (a cellular telephone):



Surati Decl. [Ex. A], ¶ 19.

**SAMSUNG'S RESPONSE TO ¶ 17**: Denied. The "casing (outlined in red)" is not "an integrated unit used as a discrete component in the assembly of the LED lighting system." *See* Hatalis Decl. at ¶¶ 14–16; Yang Decl., Ex. 4 (Huber Rough Dep. Tr.) at 137:11–18.

18. As shown in the chart below summarizing the foregoing opinions, I conclude that the Accused Telephone Instrumentalities literally infringe claim 1 of the '697 Patent:

| An apparatus comprising: | The Accused apparatuses: Telephone Instrumentalities are apparatuses: |
|---|---|
| at least one LED; | The Accused Telephone Instrumentalities include an active-matrix organic light-emitting diode (AMOLED) display (part no. GH96-13958B) which includes at least one LED, such as a 6.8" QHD+, Dynamic AMOLED 2X. An AMOLED contains organic LEDs. |
| a semiconductor device configured to emit a laser; | The Accused Telephone Instrumentalities have a camera uses laser autofocus as a range finder. Given the form factor thereof, the laser autofocus comprises a diode (semiconductor). |
| a data receiver including an antenna, wherein the data receiver | The Accused Telephone Instrumentalities contain a BT/WiFi module, including a Broadcom BCM4389 |

| | |
|---|---|
| is configured to transmit and receive data; | BT/WiFi chip. The BCM4389 enables Bluetooth and WiFi data communication. The BT/WiFi module in the Accused Telephone Instrumentalities is connected to an antenna: |
| a circuit configured to detect human touch via capacitive sensing; and | The Accused Telephone Instrumentalities have a capacitive touch sensor. The capacitive touch sensor detects the touch of a human finger. |
| a battery ground capacitively coupled to at least one of the data receiver, the circuit, the at least one LED, or the semiconductor device via a conductor, | The Accused Telephone Instrumentalities include a model EB-BG998ABY 5000 mAh, 4.45v capacity, or substantially similar, battery. The BT/WiFi module of the Accused Telephone Instrumentalities is coupled through a conductor and through a capacitor to ground. |
| wherein the apparatus is portable, and | The Accused Telephone Instrumentalities are mobile devices. |
| wherein the at least one LED, the semiconductor device, the data receiver, the circuit, and the battery ground are contained within a package and connected to at least one circuit board within the package. | The semiconductor device of the camera module, the BT/WiFi module, the touch sensor circuit, and the battery (including ground) are all connected to a printed circuit board, and contained within the casing, which is an integrated unit used as a discrete component in the assembly of the LED lighting system (a cellular telephone): |

Surati Decl. [Ex. A], ¶ 20.

**SAMSUNG'S RESPONSE TO ¶ 18**: Samsung objects to ¶ 18 on the basis that it does not state a proper Proposed Finding of Fact. It instead states an opinion of Lynk's expert declarant ("I conclude . . ."), which is not a proper subject of a statement of fact. To the extent a further response is required, Samsung denies ¶ 18 for reasons set forth in its Opposition and its supporting evidence. *See, e.g.*, Hatalis Decl. at ¶¶ 8–24.

19. Lynk owns by assignment the '674 Patent, which issued on May 25, 2021. Surati Decl. [Ex. A], Ex. 2 ('674 Patent) at 1.

**SAMSUNG'S RESPONSE TO ¶ 19**: Denied. Dkt. No. 142-3 (Ex. 2) appears to be the '697 Patent, not the '674 Patent or any other evidence relating to Lynk's alleged ownership of the '674 Patent. *See* Dkt. No. 142-3 (Ex. 2). Samsung further denies that the '674 Patent "issued on

May 25, 2021" because the '674 Patent appears to have issued on December 10, 2019. *See* Dkt. No. 142-4 (Ex. 3, '674 Patent) at 1. Samsung lacks sufficient knowledge to admit or deny, and therefore deny, Lynk's ownership of the '674 Patent.

20. Claim 1 of the '674 Patent reads: An apparatus comprising:

> an LED circuit having at least one LED, wherein the at least one LED is an organic LED;
>
> a data communications circuit having an antenna,
>
> wherein the data communication circuit is configured to transmit or receive data signals, and wherein the antenna is configured to transmit or receive alternating signals;
>
> a circuit configured to detect touch via capacitive sensing, the touch being of a person; and
>
> a power supply configured to increase a power supplied to the LED circuit when the circuit detects the touch; and

Surati Decl. [Ex. A], ¶ 21; Ex. 2 ('674 Patent), col. 28, ll. 14-25.

**SAMSUNG'S RESPONSE TO ¶ 20**: Admitted-in-part, denied-in-part. Samsung admits that ¶ 20 recites the claim language. Samsung denies ¶ 20 with respect to the cited evidence. Dkt. No. 142-3 (Ex. 2) appears to be the '697 Patent, not the '674 Patent. *See* Dkt. No. 142-3 (Ex. 2).

21. Lynk has accused the Samsung Galaxy Ultra S21, and "any products substantially and/or reasonably similar" thereto, of infringing claim 1 of the '674 Patent. ECF Docket No. 51, ¶¶ 50-53.

**SAMSUNG'S RESPONSE TO ¶ 21**: Admitted.

22. The Accused Telephone Instrumentalities increase power to the LED circuit when the touch sensor detects a finger touch. Surati Decl. [Ex. A], ¶ 22.

**SAMSUNG'S RESPONSE TO ¶ 22**: Samsung objects to ¶ 22 on the basis that it lacks evidentiary support and/or relies on inadmissible evidence, as Dr. Surati relies on an inadmissible YouTube video. Denied. *See* Hatalis Decl. at ¶¶ 28–31.

23. As shown in the chart below summarizing the foregoing opinions, I conclude that the Accused Telephone Instrumentalities literally infringe claim 1 of the '674 Patent:

| An apparatus comprising: | The Accused Telephone Instrumentalities are apparatuses: |
|---|---|
| an LED circuit having at least one LED, wherein the at least one LED is an organic LED; | The Accused Telephone Instrumentalities include an active-matrix organic light-emitting diode (AMOLED) display which includes at least one LED, such as a 6.8" QHD+, Dynamic AMOLED 2X. An AMOLED contains organic LEDs. |
| a data communications circuit having an antenna, wherein the data communication circuit is configured to transmit or receive data signals, and wherein the antenna is configured to transmit or receive alternating signals; | The Accused Telephone Instrumentalities contain a BT/WiFi module, including a Broadcom BCM4389 BT/WiFi chip. The BCM4389 enables Bluetooth and WiFi data communication. The BT/WiFi module in the Accused Telephone Instrumentalities is connected to an antenna. |
| a circuit configured to detect touch via capacitive sensing, the touch being of a person; and | The Accused Telephone Instrumentalities have a capacitive touch sensor. The capacitive touch sensor detects the touch of a human finger. |
| a power supply configured to increase a power supplied to the LED circuit when the circuit detects the touch; and | The Accused Telephone Instrumentalities increase power to the LED circuit when the touch sensor detects a finger touch. |
| wherein the apparatus is portable. | The Accused Telephone Instrumentalities are mobile devices. |

Surati Decl. [Ex. A], ¶ 23.

**SAMSUNG'S RESPONSE TO ¶ 23**: Samsung objects to ¶ 23 on the basis that it does not state a proper Proposed Finding of Fact. It instead states an opinion of Lynk's expert declarant

17

("I conclude . . ."), which is not a proper subject of a statement of fact. To the extent a further response is required, Samsung denies ¶ 23 for reasons set forth in its Opposition and its supporting evidence. *See, e.g.*, Hatalis Decl. at ¶¶ 25–31.

| | |
|---|---|
| Dated: November 28, 2022 | Respectfully submitted, |
| | */s/ Marc J. Pensabene* |
| | Ryan K. Yagura (Cal. Bar No. 197619) |
| | ryagura@omm.com |
| | Nicholas J. Whilt (Cal. Bar No. 247738) |
| | nwhilt@omm.com |
| | Xin-Yi Zhou (Cal. Bar No. 251969) |
| | vzhou@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | 400 S. Hope Street |
| | Los Angeles, CA 90071 |
| | Telephone: 213-430-6000 |
| | Facsimile: 213-430-6407 |
| | |
| | Darin Snyder (Cal. Bar No. 136003) |
| | dsnyder@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | Two Embarcadero Center, 28th Floor |
| | San Francisco, CA 94111 |
| | Telephone: 415-984-8700 |
| | Facsimile: 415-984-8701 |
| | |
| | D. Sean Trainor (D.C. Bar No. 463514) |
| | dstrainor@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | 1625 Eye Street NW |
| | Washington, DC 20037 |
| | Telephone: 202-383-5300 |
| | Facsimile: 202-383-5414 |
| | |
| | Marc J. Pensabene (N.Y. Bar No. 2656361) |
| | mpensabene@omm.com |
| | Laura Bayne Gore (N.Y. Bar No. 5172879) |
| | lbayne@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | Times Square Tower, 7 Times Square |
| | New York, NY 10036 |
| | Telephone: 213-326-2000 |

Facsimile: 213-326-2061

Dennis J. Abdelnour (IL Bar No. 6292242)
Ron N. Sklar (IL Bar No. 6304022)
**HONIGMAN LLP**
155 North Wacker Drive, Suite 3100
Chicago, IL 60606
Telephone: 312-701-9300
Facsimile: 312-701-9335
Email: dabdelnour@honigman.com
Email: rsklar@honigman.com

***Attorneys for Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above SAMSUNG'S RESPONSES TO LYNK'S PROPOSED FINDINGS OF FACT IN SUPPORT OF LYNK'S PARTIAL MOTION FOR SUMMARY JUDGMENT OF LITERAL INFRINGEMENT was filed on November 28, 2022 with the Northern District of Illinois ECF System, serving a copy on all parties.

<u>/s/ Marc J. Pensabene</u>