**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:21-cv-02665 |
| v. | ) ) ) | Honorable Rebecca R. Pallmeyer |
| LYNK LABS, INC., | ) ) ) | |
| Defendant. | ) ) ) ) | |

**SAMSUNG ELECTRONICS CO. LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.'S
<u>RESPONSE TO ORDER TO SHOW CAUSE (DKT. 231)</u>**

Pursuant to the Court's January 23, 2025 minute entry (Dkt. 231) directing the parties to show cause within 21 days why these cases should not be dismissed, Plaintiffs Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") submit this Response.

In conferring with Lynk Labs Inc. ("Lynk") regarding the order to show cause, Lynk identified reasons why it believed the case as to U.S. Patent No. 10,687,400 ("the '400 Patent") should not be dismissed, but Lynk has not identified any reason why the case as to any of the remaining asserted patents should not be dismissed. Because the Patent Trial and Appeal Board ("PTAB") and Court of Appeals for the Federal Circuit ("CAFC") proceedings for all of those other patents are finally resolved, it is undisputed that the case as to all patents other than the '400 Patent should be dismissed. Thus, Samsung respectfully submits that this case should be dismissed with respect to at least U.S. Patent Nos. 10,492,251, 10,492,252, 10,966,298, 10,499,466, 10,154,551, 10,750,583, 10,506,674, 11,019,697, and 10,652,979.

With respect to the '400 Patent, Lynk stated that it "expects" to file a request for rehearing of the CAFC decision affirming the PTAB finding the challenged claims of the '400 Patent invalid, but Lynk has not yet done so or committed definitively to doing so.

Further, while Lynk alluded to asserting in this litigation additional claims of the '400 Patent that have not been found invalid, at this stage of the case it is far too late to do so. Lynk served its Final Infringement Contentions on April 1, 2022 and Local Patent Rule 3.4 requires "a showing of good cause and absence of unfair prejudice to opposing parties" for a party to amend its final contentions. At this extremely late stage of the case, there is no conceivable way for Lynk to show "good cause" for adding any new claims. At the time this case was stayed on March 21, 2023 (Dkt. 207), the parties were almost a full year past the April 1, 2022 service of Lynk's Final Infringement Contentions. Moreover, the parties had completed claim construction briefing about

six months earlier and a claim construction hearing was set for just two weeks later on April 4, 2023. Additionally, Lynk had already filed a motion for partial summary judgment and the Court was about to deny that motion. *See* Dkt. 205.

Lynk is similarly unable to show the "absence of unfair prejudice" to Samsung due to the proposed addition of new claims at this late stage. To the contrary, Samsung would be severely prejudiced by the addition of new claims this long after the Final Infringement Contentions were served. In addition to all the already-passed litigation deadlines, including in particular claim construction briefing, Samsung would suffer severe prejudice in connection with its PTAB challenges to the patent.

Samsung filed two IPR petitions challenging the '400 Patent before the PTAB, one challenging the claims that were asserted against Samsung in the litigation and one challenging non-asserted claims. The PTAB denied institution on the second petition in large part because of Lynk's representation to the PTAB that the second petition did not involve claims asserted in the litigation. *See Samsung Electronics Co., Ltd. v. Lynk Labs, Inc.*, IPR2022-00150, Paper No. 15, at 10-11 (PTAB July 5, 2022) ("Claims 7–11 are the only claims asserted by Patent Owner against Petitioner. Claims 7–11 are challenged in the 149IPR, but are not challenged in the Petition in the present proceeding …. Given the large number of grounds … and particularly in view of the small number of claims asserted by Patent Owner in response to Petitioner's declaratory judgment action (none of which are challenged in this Petition), we find that instituting both Petitions would place 'a substantial and unnecessary burden on the Board and the patent owner.' … For the foregoing reasons, we exercise our discretion and deny institution of the Petition in this case."). Had Lynk not secured the denial of institution on the basis of these claims not being asserted in the litigation, these unasserted claims—like the asserted claims of the '400 Patent and all of Lynk's other

3

asserted claims—could have already been found invalid by the PTAB.  Thus, having secured

denial of Samsung's PTAB proceeding against the unasserted claims of the '400 Patent by

representing to the PTAB that the challenged claims were not asserted in litigation, allowing Lynk

to make an about-face and assert these claims now would unquestionably prejudice Samsung.

Accordingly, Samsung respectfully submits that the '400 Patent should be dismissed either

immediately or upon exhaustion of any remaining appeal that Lynk may have.

Dated: February 13, 2025

/s/ Marc J. Pensabene
Marc J. Pensabene (N.Y. Bar No. 2656361)
mpensabene@omm.com
Laura Bayne Gore (N.Y. Bar No. 5172879)
lbayne@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower, 7 Times Square
New York, NY 10036
Telephone: 213-326-2000
Facsimile: 213-326-2061

Ryan K. Yagura (Cal. Bar No. 197619)
ryagura@omm.com
Nicholas J. Whilt (Cal. Bar No. 247738)
nwhilt@omm.com
Xin-Yi Zhou (Cal. Bar No. 251969)
vzhou@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin Snyder
dsnyder@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

4

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Dennis J. Abdelnour (IL Bar No. 6292242)
Ron N. Sklar (IL Bar No. 6304022)
**HONIGMAN LLP**
321 N. Clark Street, Suite 500
Chicago, IL 60654
Telephone: 312-701-9300
Facsimile: 312-701-9335
Email: dabdelnour@honigman.com
Email: rsklar@honigman.com

***Attorneys for Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on February 13, 2025.

*/s/ Marc J. Pensabene*
Marc J. Pensabene